[Cite as *Back v. Taulbee*, 2026-Ohio-1375.]

IN THE FIFTH DISTRICT COURT OF APPEALS
RICHLAND COUNTY, OHIO

| | |
|---|---|
| HEIDI C. BACK | Case No. 2025 CA 0102 |
| Plaintiff - Appellant | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Richland County Court of Common Pleas, Case No. 2010 PAT 0026 |
| SHAWN TAULBEE | Judgment: Affirmed |
| Defendant - Appellee | Date of Judgment Entry: April 15, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Craig R. Baldwin, Judges

**APPEARANCES:** Heidi C. Back, Pro se, for Plaintiff-Appellant; Shawn Taulbee, Pro se, for Defendant-Appellee.

*Hoffman, J.*

{¶1} Plaintiff-appellant Heidi Back appeals the October 31, 2025 Judgment Entry entered by the Richland County Court of Common Pleas, Domestic Relations Division, which denied her objections to the magistrate's July 29, 2025 decision, and approved and adopted said decision as order of the court. Defendant-appellee is Shawn Taulbee.[1]

---

[1] Appellee has not filed a Brief in this matter.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant and Appellee are the natural parents of two minor children ("Child 1" and "Child 2," individually; "the Children," collectively). The parties were never married. Paternity was established for Child 1 on January 1, 2010, and for Child 2 on May 7, 2012. The Richland County Court of Common Pleas, Juvenile Division, granted legal custody of the Children to Appellee via separate judgment entries filed July 30, 2024.

{¶3} On February 13, 2025, Richland County Child Support Enforcement Agency ("CSEA"), on behalf of Appellee, filed a motion to establish child support and/or medical order. The motion came on for hearing before the magistrate on July 24, 2025.

{¶4} Appellant and Appellee both appeared pro se. After some preliminary discussions with Appellant regarding a matter in juvenile court, the trial court indicated, "I'm going to ask both of you [Appellant and Appellee], because we are going to conduct a hearing real quick, I'm going to ask both of you to stand, face the bailiff and be sworn in and take some brief testimony." Transcript of July 24, 2025 Child Support Hearing at p.4. The parties were sworn in and the hearing commenced.

{¶5} CSEA Attorney Kelly Lucas detailed the proposed child support order. Attorney Lucas indicated Appellant was the obligor and Appellee was the obligee. CSEA imputed Appellant's annual income at minimum wage on the Child Support Computation Worksheet, and determined she should pay $91.98/month/child for child support plus $16.60/month/child for medical support. Appellee would receive the dependent child tax exemption for the Children. Attorney Lucas noted Appellant was not employed and CSEA requested the issuance of a seek work order. Appellee acknowledged his understanding of and agreed to the proposal. Appellant noted her understanding, but indicated she was unable to agree.

**{¶6}** Attorney Lucas asked Appellant to explain her disagreement. Appellant replied:

> I would not be able to come up with $221 a month.
>
> In addition, I would like to ask about those child tax credits. Up to this point I would have been able to claim both children.
>
> *Id*. at pp. 6-7.

**{¶7}** The trial court stated, "Let's take one step at a time here." *Id*. at p. 7. After a brief exchange with Appellant, who presented an alternative offer, the trial court responded:

> [T]his isn't really the place for negotiations, if there is some type of negotiations I'm happy to allow you to have time to do that, but at this point we are having a hearing and either there is an agreement, which you are not required to reach an agreement on what this is. If you are not in agreement, then the Court is just going to hear testimony from both of you and make its own determination as to what the order should be if that makes sense.
>
> *Id*. at p. 8.

**{¶8}** Appellant advised the trial court she wished to present evidence in support of her position. Appellant stated she had her tax returns from the last three years. Appellant explained she had "been in an extremely emotional state" and had "been completely unable to work," adding she had not "worked in over a year" and had not

"worked in two years." *Id.* at p. 8. Appellant asked the trial court to adjust the amount of her child support obligation, concluding, "I really can't afford to pay." *Id.* at p. 9. Attorney Lucas replied, "And ma'am – I'm sorry." *Id.* The trial court instructed Attorney Lucas to proceed with cross-examination. On cross-examination, Appellant testified she was not currently under a doctor's care. Appellant has two other children who were not subject to the instant matter. Appellant also admitted her mother supports her financially.

**{¶9}** At the end of the cross-examination, the trial court asked, "Is there anything else you want the Court to know before the Court takes this under advisement and issues a written decision?" *Id.* at p. 11. Appellant answered, "Thank you. I don't think there is anything I haven't included in the objection that I filed, Your Honor." *Id.*

**{¶10}** In his decision filed July 29, 2025, the magistrate designated Appellant as the child support obligor and ordered her to pay child support in the amount of $221.50/month. Appellant timely objected to the magistrate's decision. Therein, Appellant asserted the Child Support Computation Worksheet upon which the magistrate relied did "not accurately reflect facts in this case, as [Appellant] is not employed and cannot be employed for 40 hours a week due to [her] health issues and lack of available childcare [for her two other children]." August 12, 2025 Objection to Magistrate's Decision at p. 1. In support of her objection, Appellant attached a copy of a turbo tax summary, which reflected the amount of her federal and state income tax refunds, but not the tax year; and a letter of support from her ex-husband.

**{¶11}** Appellant filed amended objections to the magistrate's decision on September 26, 2025, which was identical to her August 12, 2025 Objection, except for the addition of the following:

Lastly, Richland County Child Support Enforcement Agency * * * has sent [Appellant] a letter * * * regarding action being taken against [Appellant] for back support, and the Orders of this Court are not finalized. [Appellant] requests relief from preemptive action and reprimand of RCCSEA for failure to recognize the stay of this case during an objection.

September 26, 2025 Amended Objection to Magistrate's Decision at p. 2, unpaginated.

{¶12} In support of her amended objection, Appellant again attached a copy of a turbo tax summary, which reflected the amount of her federal and state income tax refunds, but not the tax year; a letter of support from her ex-husband; and a Notice of Obligor of Default and Potential Action dated September 16, 2025, which showed she was in default of her support order and owed $1,445.50, in arrearages.

{¶13} Via Judgment Entry filed October 31, 2025, the trial court denied Appellant's objections, and approved and adopted the magistrate's decision as order of the court. The trial court found:

[Appellant] has not argued and has not demonstrated that she could not, with reasonable diligence, have produced certain evidence to the magistrate at the final hearing. The evidence attached to her objections could have been submitted at the final hearing held on July 24, 2025. The parties were afforded the opportunity to fully present the matter for hearing.

October 31, 2025 Judgment Entry at p. 2.

**{¶14}** It is from this judgment entry Appellant appeals, setting forth the following statement as her assignment of error:

THE TRIAL COURT FALSELY CLAIMED THAT APPELLANT HAD AMPLE TIME TO OFFER EVIDENCE IN THE FINAL JUDGMENT ENTRY. THE HEARING HELD ON JULY 24, 2025 WAS RUSHED. APPELLANT ATTEMPTED TO INTRODUCE EVIDENCE, BUT WAS INTERRUPTED BY MS. LUCAS, THE REPRESENTATIVE FOR RICHLAND COUNTY CHILD SUPPORT ENFORCEMENT AGENCY (HEREIN AFTER COLLECTIVELY REFERRED TO AS RCCSEA). MAGISTRATE BRIAN KELLOGG THEN MOVED ON AS A RESULT OF THE INTERRUPTION, TWO PLAIN ERRORS.

I

**{¶15}** In her sole assignment of error, Appellant essentially contends the trial court erred by permitting CSEA Attorney Kelly Lucas to prevent Appellant from introducing evidence and to interrupt Appellant when she was testifying. Appellant submits the trial court violated Ohio Code Jud. Conduct Canon 2.2 and 2.6(A), and CSEA Attorney Kelly Lucas violated Ohio Administrative Code 5101:12-45-05.2(D).

**{¶16}** Jud.Cond.R. 2.2 mandates "[a] judge shall uphold and apply the *law*, and shall perform all duties of judicial office fairly and *impartially*." (Emphasis in original.) Jud.Cond.R. 2.6(A) requires a judge to "accord to every person who has a legal interest in

a proceeding, or that person's lawyer, the right to be heard according to *law*." (Emphasis in original.).

{¶17} Ohio Admin. Code 5101:12-45-05.2(D) provides:

(D) The child support enforcement agency (CSEA) shall allow each person to present evidence proving or disproving verifications and allegations of earnings, income, wages, or assets and any other information that may be used to establish the amount a parent should pay for support.

{¶18} In support of her assertions, Appellant points to three instances during the hearing which she maintains resulted in her not being afforded a full opportunity to be heard. First, Appellant takes issue with the trial court's statement: "I'm going to ask both of you [to be sworn in], because we are going to conduct a hearing real quick." Transcript of July 24, 2025 Child Support Hearing at p. 4. The second instance is when the trial court stated, "Let's take one step at a time here." *Id.* at p. 7. Finally, while Appellant was explaining to the trial court why she was unable to pay child support and expressed her wish to present evidence in support, Attorney Lucas interrupted, commenting, "And ma'am – I'm sorry." *Id.* at p. 9. Thereafter, the trial court instructed Attorney Lucas to proceed with cross-examination.

{¶19} We find Appellant was not prevented from presenting any evidence. At the end of her cross-examination, the trial court specifically asked Appellant, "Is there anything else you want the Court to know before the Court takes this under advisement and issues a written decision?" *Id.* at p. 11. Appellant answered, "Thank you. I don't think there is anything I haven't included in the objection that I filed, Your Honor." *Id.*

Appellant was given the opportunity to fully present her position, but she chose not to do so.[2]

{¶20} Appellant's sole assignment of error is overruled.

{¶21} The judgment of the Richland County Court of Common Pleas is affirmed.

{¶22} Costs to Appellant.


By: Hoffman, J.

King, P.J. and

Baldwin, J. concur.

---

[2] We find the record does not support Appellant's claim the trial court judge violated the Code of Judicial Conduct nor that CSEA violated the Ohio Administrative Code.